UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LAVELLE MALONE, | |
| Petitioner, | |
| v. | CAUSE NO. 3:24-CV-1015-HAB-SLC |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Lavelle Malone, a prisoner without a lawyer, filed a habeas petition challenging his conviction for murder under Case No. 49G01-9606-MR-84351. Following a jury trial, on September 12, 1997, the Marion Superior Court sentenced Malone to eighty-five years of incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

This is not the first time Malone has sought federal habeas relief in connection with this conviction. He first attempted to obtain habeas relief in *Malone v. Knight*, 1:06-cv-1267 (S.D. Ind. filed Aug. 23, 2006), but the United States District Court for the Southern District of Indiana denied his habeas petition on the basis that his claims were untimely. Pursuant to 28 U.S.C. § 2244(b), "[a] district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Nunez v. United States*, 96 F.3d 990,

991 (7th Cir. 1996). Because the Seventh Circuit Court of Appeals has not authorized Malone to file a successive petition, the court cannot proceed in this case.

Because Malone cannot proceed on an unauthorized successive petition, the court dismisses this case. Pursuant to Section 2254 Habeas Corpus Rule 11, the court must also consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling. Therefore, the court denies Malone a certificate of appealability.

As a final matter, the court observes that this habeas petition comprises Malone's seventh effort to pursue an unauthorized successive petition in a federal district court. *Malone v. Reagle*, 1:20-cv-3083 (S.D. Ind. filed Nov. 27, 2020); *Malone v. Zatecky*, 1:17-cv-1686 (S.D. Ind. filed May 22, 2017); *Malone v. Hanks*, 1:13-cv-358 (S.D. Ind. filed March 5, 2013); *Malone v. Hank*, 1:13-cv-208 (S.D. Ind. filed Feb. 5, 2013); *Malone v. Butts*, 1:12-cv-1568 (S.D. Ind. filed Oct. 25, 2012); *Malone v. Butts*, 1:11-cv-863 (S.D. Ind. filed July 26, 2011). At this point, Malone knows that he cannot obtain relief by filing additional habeas petitions in this court to challenge his conviction or sentence in Case No. 49G01-9606-MR-84351 without prior authorization from the Seventh Circuit. And in Case No. 1:20-cv-3083, the Southern District of Indiana expressly cautioned Malone against continuing to pursue such unauthorized challenges. Malone has also declared, under

penalty of perjury, that he has never challenged this conviction before in federal court (ECF 1 at 2, 5), despite initiating the other seven aforementioned federal habeas cases and also initiating four related federal appellate proceedings. While the court declines to issue sanctions at this time, Malone is cautioned against filing any further unauthorized habeas petitions challenging his conviction and sentence Case No. 49G01-9606-MR-84351 and against making material misstatements to the court.

For these reasons, the court:

(1) DISMISSES this case as an attempt to pursue an unauthorized successive petition in violation of 28 U.S.C. § 2244(b)(3)(A);

(2) DENIES Lavelle Malone a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on January 21, 2025.

                                        s/ *Holly A. Brady*
                                        CHIEF JUDGE HOLLY A. BRADY
                                        UNITED STATES DISTRICT JUDGE